REDMANN, Judge.
Plaintiff appeals from a judgment in his favor in this suit arising out of a minor rear-end collision, seeking to increase *713 quantum by $1,400 for lost earnings. Defendants by answer seek a reduction of the $1,250 pain and suffering award.

Lost Earnings

Plaintiff’s income as a plumber consisted of gross receipts from plumbing contracts in which he ordinarily performed the labor and furnished the materials. He testified that he “subcontracts” part of the labor on his jobs “when I get jammed up” (meaning that ordinarily, when not jammed up, he personally performs the labor) j[1] that he intended to perform personally “part of’ the plumbing labor on seven houses he had contracted to work on as of the time of the accident, but was not able to because of his injury, and therefore “subcontracted” the labor to another plumber, Nicolosi. Nico-losi corroborated this testimony.
When a small business proprietor disabled by a tort-inflicted injury is required to employ another person to perform work he normally performs himself, that item of expense is a recoverable item of damages. Yet the trial court denied recovery in this case.
Evidence casting doubt on the correctness of quantum of plaintiff’s claim includes (in addition to his testimony he would have done “part of” the labor) the testimony of plaintiff and Nicolosi that the latter agreed to wait for his payment, not until plaintiff was paid by the general contractor, but until plaintiff “would settle with the insurance company.” Although an explanation of this agreement may well exist, none was given. Furthermore, plaintiff netted less than $8,000 a year, including profit from materials. If plaintiff’s labor would have earned him $1,400 in the five-week period he had symptoms from the accident (and the medical testimony is not clear he was disabled during that entire period), his yearly income should have approached $14,000 from his labor alone.
The trial court obviously concluded that the testimony regarding the plaintiff-Nicolosi contract did not establish a $1,400 loss, and we find no manifest error in that conclusion.
There being no other record basis on which to fix quantum, we cannot fault the trial judge for having rejected this claim as unproven.

Pain and Suffering

Plaintiff went to a physician within minutes of the accident. At that time there was no muscle spasm and no limitation of motion, but three days later there was spasm in the cervical area and about 50% limitation of motion in most directions. A week later plaintiff was more tense. He was considered disabled to work as a plumber, although able to do supervisory work.
Less than six weeks after the accident plaintiff was discharged as relatively asymptomatic (at which time it was two weeks since the doctor last saw him).
The trial court’s $1,250 award, if generous, was within its “much discretion”, C.C. art. 1934, subd. 3.
The judgment is affirmed.

. Plaintiff’s testimony “all my work is subcontracted” does not, despite defendants’ contention, mean that plaintiff did not ordinarily do labor himself, and therefore would have subcontracted this job whether or not he had been injured. In context, the testimony merely explained lack of labor time-records: to avoid record-keeping and tax problems, plaintiff did not hire labor by the hour, but when necessary he would “subcontract” with another plumber like Nicolosi. Thus this testimony does not show that the cost of “subcontracting” was an inevitable business cost to plaintiff.