DOMENGEAUX, Judge.
Plaintiff-appellee, John Daigle, brought this action against defendants-appellants, Clifton Bias and Dresser Atlas Industries, for damages resulting from an automobile accident which occurred on November 22, 1980, in Lake Charles, Louisiana. After trial on the merits, the trial court awarded plaintiff judgment in the amount of $28,-750.00, plus interest and costs. The $28,-750.00 award represents $850.00 of medical expenses, $1,700.00 for property damage, $6,250.00 for loss of income, and $20,000.00 in general damages for pain and suffering. The award of general damages represents $5,000.00 for plaintiff’s pain and suffering between November 22, 1980, and January 12, 1981, the period that plaintiff was disabled, and $15,000.00 for future pain and suffering. Defendants appeal seeking a reduction of the future general damages only, and do not contest the imposition of liability on them. Plaintiff has answered that appeal praying for increased future general damages, however, plaintiff failed to give any basis to support his claim for the increase, and in fact concludes in his brief that the trial judge did not abuse his discretion in determining the amount of the award.
*39 The facts established that on the aforesaid date plaintiff was involved in an automobile accident with defendant Clifton Bias which occurred when Bias’ vehicle ran a stop sign and collided with plaintiff’s vehicle which was proceeding with the right-of-way. The impact of the accident forced plaintiff’s vehicle from the roadway and into a nearby utility pole. Aside from various cuts and bruises received in the crash, plaintiff injured his right knee when it was slammed against the dashboard of his vehicle upon impact with the utility pole. At the time cf the accident Bias was employed by defendant Dresser Atlas Industries.[1]
The only substantial issue presented on appeal is whether or not the trial judge abused his discretion in determining the award of future pain and suffering.
It is now axiomatic that the reviewing Court should not disturb the trier of fact’s award for general damages, absent an initial determination that the fact finder abused his discretion under the facts of a particular case. See Reck v. Stevens, 373 So.2d 498 (La.1979) and the cases cited therein.
At trial evidence relative to the nature of plaintiff’s knee condition consisted of plaintiff’s testimony as well as that of Doctors Guilbeau, Drez, Atkins, and Phillips. Doctor Guilbeau is plaintiff’s family physician and Doctor Drez, Atkins, and Phillips are all orthopedic surgeons. Doctor Guilbeau and Doctor Drez treated plaintiff shortly after the accident and released him to return to work on January 12, 1981. Doctor Drez, who was referred to plaintiff by Doctor Guilbeau, testified that he examined plaintiff twice, the last time some six weeks after the accident. According to Doctor Drez, plaintiff first saw him on December 29, 1980, and at that time plaintiff was complaining of soreness over the inner aspect of his right knee with a feeling of decreased sensation over the under surface below the knee cap. Plaintiff also had complaints of popping in his knee when he flexed or extended his leg, and swelling with weight bearing. Doctor Drez last saw plaintiff on January 8, 1981, at which time he released plaintiff to return to work, diagnosing plaintiff’s injuries as probably a very mild sprain of the medial ligament in his right knee, which finding would be consistent with plaintiff’s claim that he hit his knee on the dashboard of his vehicle upon impact.
Plaintiff, however, continued to have difficulties with his knee and in January of 1982 was examined by Doctor Atkins. Doctor Atkins examined plaintiff finding that he experienced tenderness around the knee cap and diagnosed plaintiff’s injury as a possible tear of the anteria horn of the medial meniscus or possible fat pad syndrome. Plaintiff next saw Doctor Atkins on May 10, 1982, some two weeks prior to trial. At this time Doctor Atkins noticed some swelling of plaintiff’s knee. His diagnosis remained the same. Doctor Atkins testified that a torn meniscus never heals itself and they ultimately have to be repaired by operation. A fat pad injury, on the other hand, is less serious and although they usually heal with time, twelve to eighteen months, Doctor Atkins testified that he has seen such injuries continue to trouble patients years after the injury. In this case plaintiff still continued to experience swelling and tenderness some fifteen months after the accident.
The last physician to see plaintiff was Doctor Phillips who examined plaintiff, at defendant’s request, two days before trial. Doctor Phillips’ examination of plaintiff revealed that plaintiff was experiencing swelling in tissue just above his right knee. Plaintiff was also found to have a mild degree of ostheoarthritic changes in his knee. Doctor Phillips additionally observed a one-half inch atrophy in plaintiff’s right leg. In plaintiff’s earlier examinations shortly after the accident no atrophy was noticed. Although Doctor Phillips failed to give an expert opinion as to the nature of *40 plaintiff’s injuries, he feels that plaintiff’s pain will probably increase with time. Doctor Phillips also testified that it was reasonable to assume that plaintiff’s arthritic condition in his right knee resulted from the accident, if it did not become symptomatic until that time. Finally, Doctor Phillips stated that if plaintiff’s condition continues to worsen he would recommend further evaluations, possible cortizone injections, and maybe arthroscopic surgery.
The trial judge after hearing the testimony of plaintiff as well as the four treating and examining physicians, determined that plaintiff would more than likely continue to have intermittent pain to his right knee as long as he continues to live and work, with a varying degree of disability and pain depending upon the activity he engages in. In view of the testimony of those physicians who last treated plaintiff shortly before trial, some fifteen months after the accident, and who agree, that plaintiff’s condition has not healed and is likely to persist for some time, we find no manifest error on the part of the court below which awarded plaintiff $15,000.00 for future pain and suffering. Obviously the trial judge placed greater weight on those physicians’ testimony inasmuch as their examinations were much more current, and the other physicians had not examined plaintiff since some six weeks following the accident.
Finally, in response to plaintiff’s answer to defendants’ appeal which addresses itself to an increase in the award for future pain and suffering, we feel, as aforementioned, that the award granted is well within the trial court’s great discretion.
For the above and foregoing reasons the judgment of the district court is affirmed at defendants’ costs.
AFFIRMED.

. It was submitted at trial that Bias was acting within the course and scope of his employment when the accident took place.