498 So.2d 1122 (1986)
Ronald J. DEVILLE, et ux, Plaintiffs-Appellees,
v.
K-MART CORPORATION, Defendant-Appellant.
No. 86-47.
Court of Appeal of Louisiana, Third Circuit.
December 10, 1986.
Stockwell and Associates Robert S. Dampf and Allen McCall, Lake Charles, for defendant-appellant.
Jack W. Caskey and Nick Pizzolatto, Jr., Lake Charles, for plaintiffs-appellees.
Before DOMENGEAUX, FORET and STOKER, JJ.
STOKER, Judge.
K-Mart appeals a judgment against it for injuries sustained by the plaintiff in a slip-and-fall accident in one of its stores.

*1123 FACTS
Lou Ella Deville fell when her feet became entangled in a piece of plastic on the white tile floor of a Lake Charles K-Mart store on April 28, 1984. She complained of pain in her knees, particularly the left, and her lower back.
Mrs. Deville and her husband filed suit against K-Mart on April 26, 1985 for damages arising from the fall. The trial judge rendered a default judgment in favor of the plaintiffs, but granted the defendant's motion for a new trial. An amended petition was filed, in which Mr. Deville claimed special damages and damages for loss of consortium. The trial judge found the defendant liable to Mrs. Deville for $350,000 and to Mr. Deville for $86,000. K-Mart appeals, placing at issue both liability and quantum.

LIABILITY
K-Mart contends that it employed reasonable measures to protect its customers, and therefore is not liable for Mrs. Deville's accident. The trial court stated "[t]here did not appear to be any routine procedures to check the floors. It was mostly on the basis that all employees were instructed to pick up whatever they may see on the floors."
A storekeeper owes an affirmative duty to those who use his premises to exercise reasonable care to keep his aisles, passageways and floors in a safe condition. Kavlich v. Kramer, 315 So.2d 282 (La. 1975). While he is not held to be an insurer of the safety of his customers, Arnold v. T.G. & Y. Stores Co., 466 So.2d 529 (La. App. 3d Cir.1985), writ denied, 470 So.2d 126 (La.1985), he does have a twofold duty to discover and correct dangerous conditions reasonably anticipated in his business. Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984). The reasonableness of protective measures will depend on the circumstances, and may be clearer in some situations (i.e., grocery stores). However, the same standard applies where hazards may be less frequent, as in the case before us which occurred in a dry goods section at K-Mart.
The trial court's assessment of K-Mart's procedures appears to be fairly accurate, based on the evidence. Store employees were responsible for policing their areas, but there was no regular schedule for doing so. It is unclear who was responsible to ensure that the aisles between departments were free of hazards. We agree with the trial court that the store was negligent.
We also agree that Mrs. Deville was not negligent. The object which caused her fall was a piece of clear plastic, in the shape of a coat hanger. The flooring was a high-gloss white vinyl. The evidence showed that Mrs. Deville walked at a slow pace, and was not rushing, as K-Mart contends. She was not at fault in failing to see the plastic under these circumstances.

DAMAGES
The trial court did not itemize the awards of $350,000 to Mrs. Deville and $86,000 to Mr. Deville, though it did specify that the latter was for general and special damages. K-Mart appeals both awards as excessive.
Mrs. Deville suffers a 15% disability of her knee, and a 20 to 25% disability of the back. A previous injury had left her with a 10 to 15% disability of the back. She underwent surgery on both her knee and her back as a result of her fall at K-Mart, and another back operation was scheduled for sometime after trial. She was in constant pain during the year between the accident and the surgery. Even after surgery, she could no longer do housework, work in the family's convenience store, or engage in most of her former hobbies and pastimes.
For comparable injuries, we have found damage awards ranging from $25,000 in Arcemont v. Voisin, 468 So.2d 785 (La. App. 1st Cir.1985), writ denied, 474 So.2d 947 (La.1985), to $375,000 in Labit v. Setiff, 489 So.2d 942 (La.App. 5th Cir.1986). While we might have made a lower award under the circumstances, we cannot say *1124 that the $350,000 award is so high as to constitute an abuse of the trial court's discretion. Therefore, we affirm this portion of the judgment.
The examination of Mr. Deville's award requires us to separate special and general damages. K-Mart contends that the trial court erred in awarding Mr. Deville sums for maid service and for a replacement for Mrs. Deville in their convenience store, as such elements cannot be included in awards for loss of consortium. We find authority for such awards, not as loss of consortium, but as separate elements of damages. The cost of maid services can be recovered because of Mrs. Deville's inability to perform household chores. Prevost v. Cowan, 431 So.2d 1063 (La.App. 1st Cir.1983); Cushman v. Fireman's Fund Ins. Co., 401 So.2d 477 (La. App. 2d Cir.1981). In Baye v. Deaton, Inc., 268 So.2d 712 (La.App. 4th Cir.1972), a plumber recovered the cost of hiring a subcontractor to do work he would have performed himself before his injury. Mrs. Deville worked in the convenience store for 30 hours a week for no salary before the accident. The couple had to hire an employee to take her place after the accident. The Devilles are entitled to recover this expense.
The evidence shows that for a period of two years from the accident, total cost of maid service would be $16,900. The wages of the convenience store employee would be $29,770 ($11,830 to trial; $17,940 for two years thereafter). Mrs. Deville's remaining medical expenses totaled $14,196. Subtracting these items from $86,000, a sum of $25,134 remains as loss of consortium.
Since the provision for loss of consortium is relatively new, we find few examples to guide us in our review of these awards. The following cases have been examined by the courts of appeal: Romaire v. Winn-Dixie Louisiana Inc., 478 So.2d 971 (La. App. 5th Cir.1985) [$4,000 where the spouse suffered back injuries and could no longer perform household duties]; Finley v. Bass, 478 So.2d 608 (La.App. 2d Cir.1985) [$5,000 where the spouse's injuries caused a sharp decrease in sexual relations and a strain on the marriage]; Harrington v. City of Abbeville, 471 So.2d 1160 (La.App. 3d Cir.1985) [$7,500 where the spouse's back injuries resulted in severe pain, depression and anxiety]; Sharp v. Metro. Property & Liability Ins., 478 So.2d 724 (La.App. 3d Cir.1985) [$10,000 where the wife suffered a broken leg and was required to wear a tracheotomy tube, and the husband was required to care for the wife, including the cleaning of the tube]; Mercer v. Fruehauf Corp., 492 So.2d 538 (La.App. 3d Cir.1986) [$25,000 where the husband was incapacitated, the wife had to care for him, and there was a fear that the husband would become paralyzed]; Scott v. Hosp. Service Dist. No. 1, 484 So.2d 168 (La.App. 5th Cir.1986), writ granted, 488 So.2d 1013 (La.1986) [$50,000 where the spouse was permanently disabled, and there were numerous complications].
We believe that the award to Mr. Deville was an abuse of the trial court's discretion. The Devilles had had a long, if sometimes troubled marriage. Mrs. Deville's injuries no doubt caused Mr. Deville pain and inconvenience. However, the hiring of a maid and an employee compensated for much of the inconvenience. Mrs. Deville apparently is not totally incapacitated, and will regain much of her pre-accident capacity. We do not feel that Mr. Deville was entitled to an award in excess of $25,000 for loss of consortium. We are constrained to lowering the award to the highest amount the trial court could have allocated for this element. In this case, we feel that $15,000 reflects that upper limit. Therefore, we reduce Mr. Deville's award from $86,000 to $75,866, representing $16,900 for maid service, $29,770 for the convenience store employee's wages, $14,196 for medical expenses, and $15,000 for loss of consortium.

CONCLUSION
The finding of liability on the part of K-Mart is affirmed, as is the award of $350,000 in general damages to Mrs. Deville. *1125 The award of $86,000 to Mr. Deville is reduced to $75,866. Costs of this appeal are assessed one-half to appellant and one-half to appellee.
AFFIRMED AS AMENDED.