532 So.2d 344 (1988)
Kathleen SONNIER, Plaintiff-Appellee,
v.
Gary J. REED and Reliable Ins. Co. and State Farm Insurance Co., Defendants-Appellants.
No. 87-789.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1988.
Errol D. Deshotels, Oberlin, for plaintiff-appellee.
Gist, Methvin, Hughes & Munsterman, Dewitt Methvin, Alexandria, Raggio, Cappel, Chozen & Berniard, L. Paul Foreman, Lake Charles, defendants-appellants.
Before DOUCET, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Plaintiff in this matter, Kathleen Sonnier, was involved in an automobile accident with defendant, Gary J. Reed. She filed suit against Reed and subsequently added State Farm Mutual Automobile Insurance Company (State Farm) as a defendant. State Farm is plaintiff's uninsured motorist carrier. State Farm then made a third party demand against Reed and his insurer, Reliable Insurance Company (Reliable), claiming that it should be reimbursed for rental payments made to plaintiff and also for indemnity.
A trial on the merits was held and the court found Reed to be 70% at fault in causing the accident and found plaintiff to be 30% at fault. Special damages were set at $2,972.19 for vehicle damage, $3,890.06 for medical and hospital expenses, and $480.00 for lost wages. Plaintiff was *345 awarded $50,000.00 in general damages. The trial court also found in favor of State Farm on its third party claim for $2,709.04 on the subrogation claim and for any additional amounts it may be required to pay under the UM policy. Defendants and third party defendants now appeal asserting that the trial court's apportionment of fault was erroneous and the general damages awarded were excessive.

FACTS
The accident occurred on July 19, 1985, on a parish road in Allen Parish. Between 5:00 and 5:30 p.m. plaintiff and her young daughter were traveling in plaintiff's station wagon. Plaintiff claims to have been following Reed's blue pickup truck for about one mile and had proceeded through several curves in the road. She claims that after rounding one of the curves she suddenly saw Reed's truck stopped on the narrow, two-lane road and she was unable to stop before running into the back of the truck. The weather was rainy and misty and the road was slick. Plaintiff claims that these factors, combined with the narrowness of the road, the fact that it had no shoulders and the short time span between her spotting Reed's stopped truck and the collision, made the accident unavoidable. Also, as Reed admitted in his testimony, the brake lights on his vehicle were inoperable. Plaintiff suffered contusions to her back and shoulder, and an injury to her left knee.
Defendant Reed testified that he had gotten off of work earlier that afternoon and had consumed a six pack of beer. He had been driving around with a friend, Jonathan Manuel[1], looking for a place to rabbit hunt and to run his dogs. They were no longer drinking beer at this time. He claims that he had turned off of a gravel road onto the road where the accident happened. He then traveled about ¼ of a mile before he partially pulled off of the road, stopped his truck, and turned off the engine. As he was getting out of the truck plaintiff's car crashed into the back of the truck. He claims that he had not noticed plaintiff behind him and that she could not possibly have been behind him for the 1 mile or so that she claimed, because he had only been on the road for about ¼ of a mile. He further claims that the last curve in the road was at least 2/10 of a mile from the spot of the accident. Reed stated at trial that he felt there was plenty of room on the road for plaintiff to pass his truck.

APPORTIONMENT OF FAULT
In Eubanks v. Brasseal, 310 So.2d 550 (La.1975), the Louisiana Supreme Court held that a following motorist who strikes a preceding motorist from the rear is presumed to have breached the standard of conduct set forth by La.R.S. 32:81 and thus is presumed negligent.[2] That driver then bears the burden of exculpating himself by establishing that he had his vehicle under control, he closely observed the preceding vehicle, and he followed at a safe distance under the circumstances. Following vehicles have escaped liability for rear-end collisions by establishing that the forward vehicle, encountered in the dark, was stalled and unlighted, or that the unpredictable driving of the preceding motorist created a sudden emergency that the following motorist could not reasonably have anticipated. Eubanks, 310 So.2d at 553.
In Collins v. Lemoine, 517 So.2d 994 (La.App. 3d Cir.1987), we recently considered a trial court's holding that the driver of the following vehicle involved in a rear-end collision had rebutted the presumption of negligence. We stated that the trial court found that there was no evidence to suggest that that vehicle was following so closely that it could not have avoided collision with the other vehicle had that vehicle slowed down or stopped under normal circumstances. We held that the evidence supported the trial court's finding *346 that the following driver adhered to the standard of care imposed upon her by LSA-R.S. 32:81(A).
In the present case, the trial court stated in its "opinion" that Reed's actions "resulted in a dangerous and unnecessary obstruction of a very narrow blacktopped roadway." The court found that plaintiff could not have gone around Reed's vehicle due to the narrowness of the road together with the fact that Reed had apparently partially opened his door on the driver's side of the truck, further blocking plaintiff's passage. The court felt that the plaintiff was driving in a reasonable manner and that the cause of the accident was Reed's unreasonable obstruction of the road along with the fact that the road was wet and slippery.
After reviewing the record, we hold that the trial court's finding that Sonnier was 30% at fault and Reed was 70% at fault is not manifestly erroneous. We point out that the court apparently felt that Sonnier did not completely rebut the presumption that the following vehicle in a rear-end collision was at fault. The court merely found that Reed's negligence was a greater cause of the accident than that of Sonnier. We agree with that determination.

DAMAGES
The trial court awarded Sonnier $2,792.19 for damages to her vehicle, $3,890.06 for medical expenses, and $480.00 for lost wages. She was awarded $50,000.00 in general damages. These awards were reduced by 30%, to reflect her degree of fault. In summarizing plaintiff's injuries the trial court stated:
"The medical testimony is that of Doctors Mowad and Drez both M.D.s, which is to the effect that Ms. Sonnier received injuries to her head, neck and left knee. The latter required surgery with a final resulting permanent disability rating of 5% to the entire left lower extremity. Her headaches endured for some several weeks, whereas her neck and shoulder complaints have continued for several months. General damages for compensation of pain, discomfort, disability and loss of function are established at $50,000.00."
It is apparent that plaintiff's principal injury was to her knee. Her back, head, and neck injuries were apparently superficial. Plaintiff underwent arthroscopic surgery on October 22, 1985. She was found to have a plica in the knee joint which was removed.[3] She made an excellent recovery and the 5% disability was mainly due to the surgery.
We have reviewed cases awarding damages for similar knee injuries and find that the damages awarded by the trial court are, in fact, excessive. In reviewing these cases we have found that similar injuries have received awards ranging from $4,000 (Prothro v. Dillahunty, 488 So.2d 1163 (La.App.2d Cir.1986)), to $20,000 (Daigle v. Bias, 427 So.2d 38 (La.App.3d Cir. 1983); Burnell v. Sportran Transit System Co., 421 So.2d 1199 (La.App.2d Cir.), writ denied, 423 So.2d 1183 (La.1982)). The average awards in such cases have been about $12,500 (Johnson v. Hartford Accident & Indemnity Co., 476 So.2d 570 (La.App.3d Cir.), writ denied 479 So.2d 362 (La.1985); Liner v. City of Houma, 423 So.2d 93 (La.App. 1st Cir.1982)). We feel that plaintiff's damages in this case are more comparable to the lower damage awards cited. However, in reducing such an award, it can only be reduced to the highest point reasonably within the discretion of the trial court. Thompson v. Colony Insurance Co., 520 So.2d 1158 (La.App. 3d Cir.1987). We thus set the highest reasonable award for plaintiff's knee injury at $20,000. For plaintiff's other injuries we feel that an award of $1,000 is sufficient. See Myres v. Nunsett, 511 So.2d 1287 (La. App.2d Cir.1987). Thus we reduce plaintiff's general damage award to $21,000 which is further subject to reduction due to her degree of fault (30%).
We hold that the trial court's decision, with the exception of the general damages *347 awarded, is correct. That award is reduced to $21,000. The remainder of the trial court's decision dealing with the degrees of fault of the parties and liability of defendants and third party defendants is affirmed. Costs of this appeal are taxed 70% to defendants and third party defendants and 30% to plaintiff.
AFFIRMED AS AMENDED.
NOTES
[1] It was stipulated at trial that Manuel's testimony would basically be the same as Reed's.
[2] La.R.S. 32:81(A) provides:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."
[3] Dr. Drez described a plica as a type of scarring that forms across the inner knee. The scarring enlarges inside of the knee and becomes symptomatic due to its enlargement.