574 So.2d 514 (1991)
Sosthene SMITH, Jr. and Bessie Smith, Plaintiffs-Appellees,
v.
WINN-DIXIE LOUISIANA, INC., Defendant-Appellant.
No. 89-862.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1991.
*515 Privat & Regan, Thomas K. Regan, Crowley, for plaintiffs-appellees.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Richard J. Petre, Jr., Lafayette, for defendant-appellant.
Before FORET, KNOLL and KING, JJ.
FORET, Judge.
On August 9, 1986, Bessie Smith injured her back and knee when she slipped and fell on a fallen grape in the produce section at Winn-Dixie Louisiana, Inc.'s (Winn-Dixie) grocery store in Rayne, Louisiana. Mrs. Smith, 56 years old at the time of the accident, was treated conservatively for both her back and knee injuries from August 9, 1986, until January 20, 1988, at which time she underwent successful surgery on her knee. After a good recovery, Mrs. Smith was granted a medical release on August 19, 1988, at which time her doctor assigned a 5% impairment rating on her knee.
After jury trial in December of 1988, the jury found Winn-Dixie at fault in the accident and awarded Bessie Smith $150,000 in general damages and $23,500 in special damages. Additionally, the jury granted her husband, Sosthene Smith, Jr., $25,000 in damages for loss of consortium.
Winn-Dixie filed a motion for judgment notwithstanding the verdict or, alternatively, motion for new trial, which was denied. By this appeal, Winn-Dixie contends that the jury erred in finding it at fault and finding that Mrs. Smith was not at fault. Additionally, Winn-Dixie contends that the jury erred in awarding excessive damages to Mrs. Smith for general and special damages and in awarding excessive damages to Mr. Smith for loss of consortium.
We find no error on the part of the trial court as to the issue of liability although we do find that the damages awarded to Mr. and Mrs. Smith were excessive. Thus, we affirm the judgment of the trial court as amended hereafter.

LIABILITY
The jury found that Winn-Dixie was at fault in causing the accident and found no fault on behalf of Mrs. Smith. We find no clear error in this finding. It is undisputed that Mrs. Smith slipped on a foreign substance in the defendant grocery store. After proving this fact, the burden then shifts to the store owner to establish that reasonable *516 measures were taken to protect his customers from such foreign substances. See Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La. 1976). The jury found that Winn-Dixie failed to carry this burden. After review of the evidence, we cannot say that the jury was clearly wrong in finding Winn-Dixie negligent, and also in finding that Mrs. Smith was free from fault in causing the accident.

DAMAGES
The jury awarded Mrs. Smith $23,500 in special damages. We find this award clearly in error and excessive insofar as Mrs. Smith's medical bills totaled $13,500 and no other special damages were proven at trial. Therefore, we reduce Mrs. Smith's special damage award from $23,500 to $13,500.
Likewise, we find the jury's award of $150,000 in general damages excessive and clearly in error.
The night of the accident, August 9, 1986, Mrs. Smith began experiencing back and knee pain. She went to the hospital emergency room for treatment early the next morning. She was treated conservatively in addition to being required to wear a knee brace from August of 1986 until March of 1987, when she was discharged. In November of 1987, her knee "gave way" and she fell in her home, aggravating both her knee and her back injuries. In January of 1988, she underwent knee surgery, which was quite successful. She then went to physical therapy for her knee until August of 1988. During this same period of time, she was receiving chiropractic treatment for her back problems, which treatments were also successful.
At trial, Mrs. Smith testified that, although she is careful in her activities, she has had no problems with her knee since the surgery. She does still experience back pain which she treats with aspirin. She testified that she cannot participate in certain activities which she enjoyed prior to the fall. For example, she must exercise caution in activities which require heavy lifting, standing for long periods of time, or activities such as mopping and gardening, which require bending and stooping.
Dr. R.L. Savoy, her chiropractor, testified that although Mrs. Smith has some limitations in her activities, she should remain active. Dr. Olivier, an orthopedic surgeon and Mrs. Smith's treating physician, first saw plaintiff on August 20, 1986. He diagnosed her as having a compression fracture of the back with some osteoporosis. Additionally, he prescribed a knee brace to increase the stability in her knee. He discharged her in March of 1987, with no back complaints and continued improvement in the knee. Mrs. Smith next visited Dr. Olivier in December of 1987, complaining that her knee had "popped out" on several occasions. He performed surgery in January of 1988. The surgery was a success and, after several months of physical therapy, plaintiff was released in August of 1988, with a 5% physical impairment of the knee. Dr. Olivier stated that Mrs. Smith's activities were not restricted but qualified the statement by testifying that she should be careful not to do anything too strenuous. Dr. Olivier concluded that some activities could aggravate her prior knee and back injuries and may cause her pain. He testified that her limitations were also due to her age, 59 at the time of trial, and her osteoporosis.
Based upon the evidence before us, we find that the general damage award granted by the jury to Mrs. Smith of $150,000 is clearly excessive and an abuse of discretion. Thus, we lower the award to the highest amount a jury reasonably could have given. See Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976); Thompson v. Colony Ins. Co., 520 So.2d 1158 (La.App. 3 Cir.1987). We reduce plaintiff's general damage award to $100,000.
Plaintiff's injury, her initial conservative treatment, her second fall, knee surgery, physical therapy, and chiropractic treatment and the accompanying pain and suffering and change in lifestyle span a two-year period. Recently, in Sonnier v. Reed, 532 So.2d 344 (La.App. 3 Cir.1988), we reduced a general damage award from $50,000 *517 to $21,000 under circumstances wherein the plaintiff suffered contusions and a knee injury which required surgery. The medicals in Sonnier totalled approximately $4,000 in contrast to the $13,500 in medicals in this case. The accident in Sonnier occurred approximately one year prior to the accident in the case at bar and the plaintiff in Sonnier underwent surgery within eight months of the injury rather than after nearly seventeen months of wearing a knee brace and contending with an unstable knee. Additionally, unlike the plaintiff in Sonnier, Mrs. Smith received a compression fracture to the back, from which she still suffers some residual effects.
Similarly, in Jones v. Northbrook Ins. Co., 544 So.2d 742 (La.App. 3 Cir.1989), writ denied, 548 So.2d 1234 (La. 1989), we recently affirmed a general damage award of $85,000 under facts wherein the plaintiff sustained a knee injury requiring surgery in addition to muscle strain and spasm. The plaintiff in Jones sustained a permanent partial disability of 5% to 10% of her left leg.
After a review of Sonnier, supra and Jones, supra, we find that, under the standard of Coco, supra, $100,000 is the highest general damage award that a jury could have reasonably given under the facts and circumstances of this case.
Additionally, we find that the jury's award of $25,000 to Sosthene Smith, Jr., Mrs. Smith's husband, for loss of consortium, is excessive and an abuse of discretion and reduce this award to $10,000.
Mr. Smith testified that he retired in February of 1987, approximately six months after his wife's injury. He testified that, rather than enjoying his retirement as anticipated, he has spent his time confined to the house cleaning, etc., or driving his wife to doctors and therapy. He testified that life has been better since her medical discharge in August of 1988.
Although his wife's injuries may have placed a burden upon Mr. Smith, his lack of mobility is not compensable as an award for loss of consortium.
"In Lonthier v. Northwest Ins. Co., 497 So.2d 774, 775 (La.App. 3rd Cir.1986), we stated:
`The compensable elements of damage in a loss of consortium claim are loss of society, sex, and service and support. See LSA-C.C. 2315(B). See also Gaspard v. Transworld Drilling Co., 468 So.2d 692 (La.App. 3rd Cir. 1985) and Sharp v. Metropolitan Property and Liability Ins. Co., 478 So.2d 724 (La.App. 3rd Cir.1985). "Society" is broader than loss of sexual relations. It includes general love, companionship, and affection that the spouse loses as a result of the injury. "Support" is the lost family income that would go to support the uninjured spouse. "Service" is the uncompensated work around the house or educational help with the children which presumably will, as a result of the injury, have to be obtained from another source and at a price. See Gaspard, supra.'"
Vidrine v. Government Employees Ins. Co., 528 So.2d 765, 769, 770 (La.App. 3 Cir.1988), writ denied, 532 So.2d 156 (La. 1988); see also Turner v. Smith, 556 So.2d 983 (La.App. 3 Cir. 1990), application denied, 559 So.2d 1364 (La. 1990).
We do find that the jury was correct in awarding Mr. Smith damages for loss of consortium for his loss of Mrs. Smith's services, which he performed in her stead, and for the loss of her society or companionship in some of the activities, such as gardening, which they had enjoyed doing together. As such, we feel that the amount of $10,000 is adequate to compensate Mr. Smith for these damages.
Based upon the foregoing, the judgment of the trial court is affirmed as amended, decreasing Mrs. Smith's special damages from $23,500 to $13,500 and her general damages from $150,000 to $100,000. Additionally, Mr. Smith's award for loss of consortium is reduced from $25,000 to $10,000.
Costs of this appeal are to be divided equally between the defendant-appellant and plaintiffs-appellees.
*518 AMENDED; AFFIRMED AS AMENDED.