LANDRIEU, Judge.
This lawsuit arises out of a claim for damages filed by the plaintiffs, Arlette D. and Gregory Morgan, as a result of an alleged act of medical malpractice. We are asked to determine whether the trial court erred when it dismissed plaintiffs’ claim for the loss of earning capacity and early retirement of Mr. Morgan as alleged in their Third Supplemental and Amended Petition for Damages[1] on exceptions of no cause of action granted in favor of defendants, C.P.C. of Louisiana, Inc. d/b/a Meadow Wood Hospital (Meadow Wood) and its insurer, Truck Exchange and the Louisiana Patient’s Compensation Fund. Finding no error in the judgment of the trial court, we affirm.
*62 FACTS
Arlette D. Morgan and Gregory Morgan filed this medical malpractice action against Louis Cenac, M.D. (A Professional Corporation) and C.P.C. of Louisiana, Inc., d/b/a Meadow Wood Hospital. In order to add the alleged insurers of Dr. Cenac and his professional corporation, and Meadow Wood’s insurer, Truck Insurance Exchange, plaintiffs amended their petition. The plaintiffs subsequently settled their claims with respect to Dr. Cenac, and the Louisiana Patients’ Compensation Fund was substituted as a party defendant.
The original petition for damages was filed on September 9, 1989, and subsequent to that, the plaintiffs have amended their petition four times. The issue before this Court involves the allegations contained in paragraph three of the plaintiffs’ Third Supplemental and Amended Petition. It alleges that:
Gregory Morgan has suffered the loss of his earning capacity in order to care for his ailing wife, Arlette Morgan, by being unable to fulfill the demands of his employment due to his wife’s illness, and which has resulted in his early retirement, which has substantially reduced his income.
In response to plaintiffs’ new claim, Meadow Wood originally filed a Motion to Strike Third Supplemental and Amending Petition which was denied. Thereafter, Meadow Wood filed an Exception of No Cause of Action and Alternative Motion for Judgment on the Pleadings. The Louisiana Patient’s Compensation Fund also filed an Exception of No Cause of Action and an Exception of Prescription. Following a hearing, the trial court maintained the defendants’ exceptions of no cause of action and dismissed Mr. Morgan’s claim for the loss of his earning capacity and early retirement. It is from the dismissal of this claim that plaintiffs appeal.
DISCUSSION
The plaintiffs contend that the trial court erred when it maintained the defendants’ exceptions of no cause of action. Specifically, they argue that pursuant to Louisiana law, when one spouse becomes incapacitated and the other spouse terminates his employment to care for the injured spouse, the tortfeasor is liable for the lost wages caused by this employment termination. Plaintiffs claim that the lost income of the non-injured spouse is recognizable as portion of Mrs. Morgan’s loss of consortium claim,[2] or, alternatively, the damages constitute an element of the general damage award.
Meadow Wood, on the other hand, contends that under Louisiana law there is no such cause of action for the spouse of an injured party, and that as a matter of law, Mr. Morgan’s claim should be dismissed. The Louisiana Patient’s Compensation Fund argues that the claim for loss of earnings is a new and independent claim which, having been brought one year from the alleged cause of action, has prescribed.
The peremptory exception of no cause of action tests the legal sufficiency of a petition. For the purpose of determining the validity of the exception, the well pleaded facts in the petition must be accepted as true. La.Code Civ.Proe.Ann. art. 927 (West 1984); Williams v. Touro Infirmary, 578 So.2d 1006 (La.App. 4th Cir.1991). The exception must be decided upon the face of the petition and any attached documents. Id.
Generally, where a petition states a cause of action as to any ground or portion of a demand, the exception of no cause of exception should be denied. Sevarg Co., Inc. v. Energy Drilling Co., 591 So.2d 1278, 1281 (La.App. 3d Cir.1991), writ denied 595 So.2d 662 (La.1992). An exception to this rule has been recognized when separate and distinct causes of action are included in one petition. Id.
*63 Plaintiffs cite Berry v. Gulf Coast Construction Co., 229 So.2d 368 (La.App. 4th Cir.1969), writ refused 255 La. 484, 231 So.2d 396 (1970), Mays v. American Indemnity Co., 365 So.2d 279 (La.App. 2d Cir.1978), writ denied 367 So.2d 392 (La.1979) and Allen v. Ball, 417 So.2d 1373 (La.App. 4th Cir.1982) for the proposition that when one spouse becomes incapacitated and the other terminates employment to care for that spouse, the tortfeasor is liable for the non-injured spouse’s lost wages caused by the employment termination. All these cases were decided prior to the effective date of the 1982 amendment to Article 2315 which limited damages recoverable.[3]
In Allen, the sole issue for review was “whether the trial court erred in considering the services provided by the plaintiffs husband a collateral source of income from which the defendants were not entitled to credit.” Plaintiff filed a personal injury suit against Alvin Thomas Ball and his automobile liability insurer. A supplemental petition named her own liability insurer as a party defendant. As a result of the injuries sustained, plaintiff was able to perform some but not all of her job duties; her retired husband performed those duties which she was incapable of performing. The awards in the Allen case were not made to the non-injured spouse, but instead were made to the injured party to allow that party to receive compensation for services that will be required as the result of her injury. No allegations were made that her husband sustained a loss of income.
In Deville v. K-Mart Corp., 498 So.2d 1122 (La.App. 3d Cir.1986), the Third Circuit permitted the non-injured spouse to recover the cost of maid services resulting from his wife’s inability to perform household chores and the cost for a replacement employee for his wife in the family convenience store. Such awards were not considered as loss of consortium, but rather as separate elements of damage.
The plaintiffs in the instant case analogize “the cost to the community of replacing the services of Mrs. Morgan is equal to the loss of earnings resulting from Mr. Morgan’s early retirement.” Deville, however, supports only the proposition that Mr. Morgan can state a cause of action for the loss of his wife’s services and support. It does not acknowledge a cause of action for the loss of his own wages and his own support.
In Richard v. Walgreen's Louisiana Co., 476 So.2d 1150 (La.App. 3d Cir.1985), the father filed a tort suit individually and on behalf of his minor son who sustained injuries resulting from an overdose of an anti-nausea suppository. The Third Circuit affirmed the mother’s $160 special damage award for lost wages because she missed two days work to care for her minor son. The court stated that this out-of-pocket amount was properly awarded as a community loss.
Assuming the facts stated by the plaintiffs in their third supplemental and amended petition are true, that Mr. Morgan has suffered a loss of earning capacity and early retirement because of his wife’s personal injuries, we find that Louisiana law does not afford him recovery for this loss. However, Mrs. Morgan is entitled to recover the cost of services required as a result of her injuries and Mr. Morgan is entitled to recover for the loss of his wife’s services and support to the community.
The plaintiffs also rely on Girard v. Price, 606 So.2d 990 (La.App. 3d Cir.1992) for the proposition that the definition of “loss of consortium, ‘support’ refers to loss family income.” In Girard, the Third Circuit determined that “‘support’ is the lost family income that would go to support the uninjured spouse.” Thus, in order for there to be a cause of action, the wage and loss of earning capacity must be sustained by the injured spouse, not the uninjured spouse. Accordingly, this argument has no merit.
As an alternative argument, plaintiffs contend that if the damages for lost earnings and loss of earning capacity are not compen-sable as an item for loss of consortium, then they constitute an element of general dam *64 ages. They rely on Wright v. U.S., 507 F.Supp. 147 (E.D.La.1980) in support of this proposition. In Wright, the district court awarded the injured plaintiff the cost of future nursing services as an item of special damages, not general damages. Moreover, this case was also decided before the 1982 amendment to Article 2315.
Article 2315 does not impose a duty on the hospital that would encompass the risk that an independent nonemployed physician’s alleged acts of negligence may cause a patient’s husband to sustain a loss of earning capacity or early retirement. The legislature has defined the applicable duty and placed a reasonable limit on the concomitant liability, and this limit does not afford the plaintiffs to recover for Mr. Morgan’s alleged loss of earning capacity or early retirement. Thus, the plaintiffs have no cause or right of action with respect to Mr. Morgan’s loss of earnings or early retirement. Accordingly, this argument is without merit.
Having determined that plaintiffs have no cause of action regarding Mr. Morgan’s loss of earning capacity and early retirement, we pretermit a discussion of the Louisiana Patient’s Compensation Fund’s claim of prescription.
For the foregoing reasons, the judgment maintaining defendants’ exceptions of no cause of action is affirmed.
AFFIRMED.

. A Fourth Supplemental and Amending Petition was filed prior to the Third Supplemental and Amending Petition on October 19, 1992, and it was the Fourth Supplemental and Amending Petition which named the Patient’s Compensation Fund as a defendant. In their Third Supplemental and Amended Petition, plaintiffs supplemented and amended their original petition to include a claim on behalf of Mr. Morgan for loss of his earning capacity occasioned by the alleged injury to his wife.

. Compensable elements included in a loss of consortium claim include loss of service, love and affection, society and companionship, sexual relations, support, and felicity or overall contentment and happiness. Vaccaro v. Sports & Imports, Inc., 539 So.2d 989, 993 (La.App. 4th Cir.1989), writs denied 541 So.2d 1391 and 1392 (La.1989). The "support” contemplated is the lost family income that would go to support the uninjured spouse. See, La.Civ.Code Ann. art. 2315 (West Supp.1993); Smith v. Winn-Dixie Louisiana, Inc., 574 So.2d 514, 517 (La.App. 3d Cir.1991).

. Acts 1982, No. 202 amended and reenacted Louisiana Civil Code Article 2315 to add a cause of action for loss of consortium in favor of those persons who would have had a wrongful death action. The amendment delineates the types of damages recoverable.