359 So.2d 1048 (1978)
Henry BOYD
v.
COMMUNITY CENTER CREDIT CORPORATION and Andressie J. Boudreaux.
No. 9165.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1978.
*1049 Philip R. Johnson, Richard P. Massony, New Orleans, for plaintiff-appellant.
Michael H. Bagot, John H. Gniady, New Orleans, for defendants-appellees.
Before REDMANN, LEMMON and BOUTALL, JJ.
LEMMON, Judge.
Plaintiff has appealed from a judgment dismissing his defamation action against his former employer, a loan company, and its president, A. J. Boudreaux. The issue is whether plaintiff's evidence establishes the essential elements for recovery in this type of action.

I
While the petition alleged numerous acts by defendants, the sole evidence presented was the fact that Boudreaux, after discharging plaintiff and in response to a request from the Department of Employment Security for information regarding plaintiff's eligibility for unemployment compensation benefits, completed the required form, in part, as follows:
*1050 Boudreaux testified that he completed the form by hand, placed the document in an envelope, and mailed it himself. There was no evidence that the statement was communicated to anyone but Department employees, who were bound to keep the information confidential under penalty of fine or imprisonment.[1]

II
We base our decision on the defense of qualified privilege, which we conclude was applicable under the circumstances of this case. Under this defense certain statements, which might otherwise be deemed defamatory, are protected from an action for defamation if the circumstances of the communication show an underlying public policy incentive for according the protection. In effect assertion of a qualified privilege constitutes a rebuttal of the allegation of malice.
The interest of public welfare and social necessity dictate that an employer not be unreasonably restricted when he is required to furnish information necessary for the state agency to determine in a quasi-judicial proceeding a terminated employee's eligibility for unemployment compensation benefits. The party furnishing the information must be free to make a complete and unrestricted communication, without fear that he will be held liable for defamation if the good faith communication turns out to be inaccurate, subject to the requirement that the communication be made in good faith, be relevant to the subject matter of the inquiry, and be made to a person with a legitimate interest in the subject matter. Madison v. Bolton, 234 La. 997, 102 So.2d 433 (La.1958); McGowen v. Prentice, 341 So.2d 55 (La.App. 3rd Cir. 1976).
In the present case Boudreaux was required to furnish information on the circumstances surrounding plaintiff's termination for use in a quasi-judicial proceeding. He did so in reasonable, relevant and non-malicious language,[2] to the proper official and in a proper manner. If defamatory at all, the communication was conditionally privileged, and the defense is applicable under the circumstances of this case.
Defendants' demand, by answer to the appeal, for damages for a frivolous appeal is rejected, since there is no basis for disbelieving the sincerity of the plaintiff as to his legal position.
*1051 The judgment is affirmed. Costs of appeal are assessed to plaintiff.
AFFIRMED.
NOTES
[1] See R.S. 23:1660.

This statute is also a basis for defendants' contention the document was inadmissible. Because we otherwise rule in favor of defendants, we need not reach this contention, but we note that the fact of Boudreaux's making this statement was proved by his admission, irrespective of whether the document itself was admitted. Of course, the admissibility of the information contained in the document is closely related to the privilege issue, discussed later.
[2] Boudreaux's statement is incomplete in the document (which is an additional ground for exclusion from evidence, since an allegedly defamatory communication must be considered in context). However, the partially clipped-off document contained a statement that plaintiff flatly refused to follow instructions, and Boudreaux further testified that plaintiff consistently made loans in excess of his authority and made unauthorized salary advances to employees in violation of express rules.