400 So.2d 1168 (1981)
Lou Ida WHITE et al.
v.
BAKER MANOR NURSING HOME, INC. et al.
No. 14099.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
*1169 Johnnie A. Jones, Baton Rouge, for plaintiffs-appellants Lou Ida B. White, Rosia Lee H. Hutchinson and Shirley Mae J. Broadnax.
R. Michael Caldwell, Baton Rouge, for defendants-appellees Baker Manor Nursing Home and Ms. Kathryn Hoover.
Before ELLIS, COLE and WATKINS, JJ.
COLE, Judge.
Plaintiffs Lou Ida B. White, Rosia Lee H. Hutchinson, and Shirley Mae J. Broadnax, filed this civil action seeking recovery of monetary damages for defamation. They named as defendants Baker Manor Nursing Home, Inc. and Kathryn E. Hoover, an employee of the nursing home. Plaintiffs allege in their petition that defendants discharged them from employment with the nursing home under defamatory circumstances by submitting to the Louisiana Department of Employment Security (LDES) a "Separation Notice Alleging Disqualification" for each plaintiff. The notices stated the employees were "discharged for suspicion of theft of Nursing Home property." Plaintiffs further allege the accusations were made without the necessary precautions to ascertain the truth thereof and were made in reckless disregard of their falsity.
Defendants filed an answer to the petition, asserting the defenses of privileged communication and absence of publication. They then filed a motion for summary judgment, supported by the affidavit of Alfred S. Lauret, an employee of LDES, and by the deposition of defendant Hoover. Plaintiffs responded to the motion by an opposition in verified form, setting forth only legal and factual conclusions, but specifically asserting plaintiffs had reasons to believe the communications complained of were made with malice or ill will. The trial court granted defendants' motion and dismissed plaintiffs' case at their cost. Plaintiffs appealed.
Summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. The movant has the burden of affirmatively showing the absence of any genuine issue of material fact. La.Code Civ.P. arts. 966 and 967; Mashburn v. Collin, 355 So.2d 879 (La.1977). Any doubt as to the existence of a genuine issue of material fact is to be resolved against granting the motion. Bonnette v. Century Ready-Mix Corp., 369 So.2d 1201 (La.App. 2d Cir. 1979), writ denied, 373 So.2d 525 (La.1979); Acme Refrigeration of Baton Rouge v. Caljoan, Inc., 346 So.2d 743 (La.App. 1st Cir. 1977).
Plaintiffs submit the trial judge erred in granting defendants' motion for summary judgment on the ground there exists a genuine issue of material fact as to whether or not defendants acted in good faith and are, therefore, entitled to a qualified privilege for the communications at issue.
A person may enjoy a qualified or conditional privilege in making a statement if it is made in good faith, on a subject in which he has an interest or a duty, and to a person having a corresponding interest or duty. Harrison v. Uniroyal, Inc., 366 So.2d 983 (La.App. 1st Cir. 1978); Toomer v. Breaux, 146 So.2d 723 (La.App. 3d Cir. 1962). This qualified privilege has been held applicable to communications between employers and LDES in cases similar to the instant action. See Harrison v. Uniroyal, *1170 Inc., supra; Boyd v. Community Ctr. Credit Corp., 359 So.2d 1048 (La.App. 4th Cir. 1978). In Harrison v. Uniroyal, Inc., supra, we stated a finding that the employer honestly believed, and had reasonable grounds for believing, the truth of the communication was implicit in a finding of good faith. See also Cormier v. Blake, 198 So.2d 139 (La.App. 3d Cir. 1967).
At the outset, we note plaintiffs were not accused of theft. No statement was made to that effect. Instead, it was said plaintiffs were "discharged for suspicion of theft." The question then is whether or not Ms. Hoover, under the circumstances, had reasonable grounds for suspecting plaintiffs were the ones who had been taking the property of the nursing home. We cannot expect objective evidence of whether or not Ms. Hoover honestly believed the truth of her assertion. "Suspicion," being a subjective mental state, either existed in the mind of Ms. Hoover or it did not. And, by definition, suspicion of a fact is the antithesis of its truth. Webster's Third New International Dictionary (1970) defines "suspicion" as "the act or an instance of suspecting: imagination or apprehension of something wrong or hurtful without proof or on slight evidence." Again, it is described as "the mental uneasiness aroused in one who suspects." Thus, the good faith requirement to invoke a qualified or conditional privilege in this instance must be measured by the nature of what is at issue, i. e., a mere suspicion.
The deposed testimony of Ms. Hoover, offered in support of the motion for summary judgment, clearly shows toilet paper, light bulbs, washing powder, sheets, pillow cases and other property of the nursing home would disappear almost immediately upon placement for use. Ms. Hoover testified she was unable to find out who was taking the property, the logical inference being she had made an effort to do so. At that point she sought the assistance of counsel who reviewed their business records and indicated the persons he thought she should terminate.
The deposed testimony of Ms. Hoover also shows she knew the plaintiffs from previous employment, had never had any personal problems with any of them, and had even made a political contribution to one of them and was considering that person for a promotion. Certainly, this background does not indicate malice or ill will and Ms. Hoover, at the conclusion of her deposition, specifically denied such motivation at the time she completed the form required by LDES.
It is within the context of many instances of theft and the designation by counsel of plaintiffs as persons who may be responsible, based on a review of business records, that Ms. Hoover acted. While this situation does not afford reasonable grounds for accusing the plaintiffs of theft, we think reasonable grounds are demonstrated for creating in the mind of Ms. Hoover a suspicion. It does indeed fulfill the state of "imagination or apprehension of something wrong or hurtful without proof or on slight evidence."
We hold there is no genuine issue as to the material fact of good faith necessary for the defense of qualified privilege. Plaintiffs may not rest upon the legal and factual conclusions alleged in their pleadings. They failed to set forth specific facts showing there is a genuine issue of good faith for trial. Absent specific facts, the documentation on this point offered by defendants in support of their motion is sufficient. La.Code Civ.P. arts. 966, 967; Badeaux v. East Jefferson Gen. Hospital, 364 So.2d 1348 (La.App. 4th Cir. 1978).
The record also supports the requirement that movers be entitled to judgment as a matter of law. La.Code Civ.P. art. 966. Defendants have affirmatively established not only good faith but have also established the other requisites for classifying the statement as privileged, an interest on the part of the speaker and communication to others with a corresponding interest. In effect, there has been no publication of the statement that plaintiffs were discharged for suspicion of theft. Clements v. Ryan, 382 So.2d 279 (La.App. 4th Cir. 1980). See also, Cangelosi v. Schwegmann Bros., Etc., 390 So.2d 196 (La.1980); La.R.S. 23:1660.
*1171 As in the instant case, the statements at issue in Clements v. Ryan, supra, concerned suspicion of theft by defendant's employee. The Court found plaintiff failed to prove defendant lacked good faith or that the communications were made to anyone other than those having a common interest in the matter. The statements, therefore, were privileged since all three requirements for privilege were present: good faith, an interest on the part of the speaker, and communication to others with a corresponding interest. The Court then concluded plaintiff had failed to prove "any publication... to anyone not legally privileged to receive such communications."
For the foregoing reasons, we find the trial court was correct in granting defendants' motion for summary judgment. Appellants are cast for all costs.
AFFIRMED.