444 So.2d 150 (1983)
L. Paul GIANFALA
v.
Michael P. ALLEMAND and Landry & Gary, A Medical Corporation.
No. 82 CA 1071.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
L. Paul Gianfala, Lafayette, in pro. per.
Kenneth V. Faherty, New Orleans, Denis J. Gaubert, III, Houma, for defendants and appellees.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
This is a suit for defamation. From a judgment maintaining an exception of no cause of action and dismissing plaintiff's suit, plaintiff has appealed.
The issue before this court is whether the defense of immunity based on an allegation of a qualified privilege can be raised by the peremptory exception of no cause of action?
We conclude it cannot.
No evidence may be introduced in support of or in opposition to the peremptory exception of no cause of action. La.Code Civ.P. art. 931.
Toomer v. Breaux, 146 So.2d 723 (La. App. 3rd Cir.1962) sets out the elements of proof in asserting the qualified privilege to a defamatory action, thus requiring the introduction of some evidence by defendant. Specifically, "good faith" must be proved by the person asserting the privilege.
In Trahan v. Ritterman, 368 So.2d 181 (La.App. 1st Cir.1979) this court held that the defense of qualified privilege must be specially pleaded.
Lastly, we have carefully reviewed the petition and find same to state a cause of action. In particular, the petition alleges malice.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded for further proceedings. All costs of this appeal are assessed to appellee, further costs to await the final outcome in the trial court.
REVERSED AND REMANDED.