476 So.2d 474 (1985)
Cheryl FARRIA
v.
La BONNE TERREBONNE OF HOUMA, INC.
No. 84-CA-1311.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
William T. Bringle, New Orleans, for plaintiff and appellantCheryl Farria.
Michael E. Holoway, New Orleans, for defendants and appelleesLa Bonne Terrebonne of Houma, Inc. and AIU Market P.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
EDWARDS, Judge.
Plaintiff appeals the trial court's dismissal of her defamation suit on the exceptions of no cause and no right of action. We reverse and remand.
"No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." LSA-C.C.P. art. 931. Because the exception of no cause of action tests the legal sufficiency of the petition, the court must look only at the petition, not at affirmative defenses unless they are disclosed by the petition itself. Haskins v. Clary, 346 So.2d 193, 194-95 (La.1977). The hearing on an exception of no cause of action cannot be used as a substitute for trial on the merits.
To state a cause of action in defamation, plaintiff must allege "(1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury." Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196, 198 (La.1980) (citations omitted). This she has done. Her petition alleges that she was injured when defendant, her previous employer, falsely and maliciously defamed her by filing a separation notice with the State Department of Employment Security which stated: "REASON FOR LEAVING... stealing!!!"
Defendant's argument rests (1) on its theory that there was no publication because Department of Employment Security records are confidential, as provided in LSA-R.S. 23:1660 C[1] and (2) on the defense of qualified privilege.
*475 The publication element of defamation does not require publication to the general public; it only requires communication to a person other than the one defamed. Commercial Union Insurance Co. v. Melikyan, 424 So.2d 1114, 1115 (La.App. 1st Cir.1982). Consequently the fact that Employment Security records are confidential does not negate the publication element.
Although employers are not unreasonably restricted in furnishing information to the State Department of Employment Security, neither are they automatically immune to defamation suits. An employer's immunity is based on the defense of qualified privilege, which requires that the communication be made in good faith regarding a subject in which the person communicating has an interest or in reference to which he has a duty to a person likewise having an interest or duty. Harrison v. Uniroyal, Inc., 366 So.2d 983, 985 (La.App. 1st Cir.1978).
To hold that confidential comunications between an employer and the Department of Employment Security can never be defamatory would require us to disregard the case law dealing with publication. Such a holding would also negate the need for the defense of qualified privilege which was used in Harrison and in Boyd v. Community Center Credit Corp., 359 So.2d 1048 (La.App. 4th Cir.1978).
The protection afforded an employer by the defense of qualified privilege may be raised in a motion for summary judgment, see, e.g., White v. Baker Manor Nursing Home, Inc., 400 So.2d 1168 (La. App. 1st Cir.), cert. denied, 403 So.2d 68 (La.1981), or by answer and then taken up on the merits, see, e.g., Harrison v. Uniroyal, Inc., 366 So.2d 983 (La.App. 1st Cir. 1978). It cannot, however, be raised on an exception of no cause of action. Gianfala v. Allemand, 444 So.2d 150, 150 (La.App. 1st Cir.1983).
Plaintiff clearly has a right of action, since she is the person allegedly defamed.
For the foregoing reasons the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion. All costs of this appeal are to be borne by defendant-appellee.
REVERSED AND REMANDED.
LANIER, J., concurs in the result.
NOTES
[1] Information, statements, transcriptions of proceedings, transcriptions of recordings, electronic recordings, letters, memoranda and other documents and reports thus obtained, or obtained from any individual, claimant, employing unit or employer pursuant to the administration of this Chapter, except to the extent necessary for the proper administration and enforcement of this Chapter, shall be held confidential and shall not be subject to subpoena in any civil action or proceeding, nor shall be published or open to public inspection, other than to public employees in the performance of their public duties, in any manner revealing the individual's or employing unit's identity; but any claimant or his duly authorized representative, at a hearing before an appeal tribunal or the board of review, shall be supplied with information from such records to the extent necessary for the proper presentation of his claim. Any person who violates any provision of this Section shall be fined not less than twenty dollars nor more than two hundred dollars, or imprisoned for not less than ten days nor more than ninety days, or both.

LSA-R.S. 23:1660 C.