578 So.2d 1006 (1991)
Betty WILLIAMS, et al.
v.
TOURO INFIRMARY, et al.
No. 90-CA-1377.
Court of Appeal of Louisiana, Fourth Circuit.
April 16, 1991.
*1007 Jerald N. Andry, Gilbert V. Andry, III, New Orleans, for plaintiffs, appellants.
Elmer E. White, III, Donna K. Wilson, Kullman, Inman, Bee, Downing & Banta, New Orleans, for defendants, appellees.
Before BARRY, WILLIAMS and BECKER, JJ.
BARRY, Judge.
Several employees of Touro Infirmary filed suit for wrongful discharge after they were terminated. Touro filed an exception of no cause of action and a motion for *1008 summary judgment. Touro attached an affidavit from Brenda Albarado, its Employee Relations Manager, who stated that the plaintiffs were at-will employees who had no contract for a fixed term. The trial court maintained Touro's exception of no cause of action and permitted plaintiffs to amend their petition.
Plaintiffs' amended petition characterized their suit as based on wrongful discharge, slander, and breach of their retirement contracts. They added paragraphs relating to their alleged misappropriation of Touro's property, their termination, their disqualification for unemployment compensation, and loss of retirement benefits. The trial court again maintained the exception of no cause of action and dismissed the suit with prejudice.
Plaintiffs argue that their petition states a cause of action. Touro answered the appeal and requests attorney's fees and costs because the appeal is frivolous.
The peremptory exception of no cause of action tests the legal sufficiency of the petition. For purposes of the validity of the exception, all well-pleaded allegations of fact are accepted as true. La.C. C.P. Art. 927; Darville v. Texaco, Inc., 447 So.2d 473 (La.1984), cert. denied 459 U.S. 969, 103 S.Ct. 298, 74 L.Ed.2d 280 (1982); Cupp v. Federated Rural Electric Insurance Company, 459 So.2d 1337 (La.App. 3rd Cir.1984). The exception must be decided upon the face of the petition and any attached documents. Mott v. River Parish Maintenance, 432 So.2d 827 (La.1983).
The exception of no cause of action raises the question of whether the law affords a remedy to anyone based only upon the allegations of fact in the petition under any theory of the case. Mitchell v. Crane, 485 So.2d 613 (La.App. 4th Cir.1986). No evidence is admissible to support or controvert the exception. La.C.C.P. Art. 931; Kirkpatrick v. Young, 456 So.2d 622 (La. 1984); Evans v. Detweiler, 466 So.2d 800 (La.App. 4th Cir.1985).

WRONGFUL DISCHARGE AND BREACH OF CONTRACT
In their original petition plaintiffs state they were employees of Touro. On February 3, 1988 they were allegedly discharged in order for Touro to end substantial benefits which had accrued because of their seniority. They further alleged that they were unlawfully subjected to a lie detector test prior to termination and suffered mental anguish and damage to their reputations as a result of the termination.
Plaintiffs' amended petition admitted their removal of sheets and pillow cases from the linen room (with a supervisor's permission) and return of the linen when told to do so. Plaintiffs claimed they were coerced to take a lie detector test under threat of losing their jobs, then were discharged (even though informally advised the tests were not unfavorable). They noted that "misappropriation of property" was the reason for their discharge and the basis to deny unemployment compensation. Their initial disqualification for unemployment benefits was reversed on appeal.
Plaintiffs claim that as an inducement to employment Touro offered fringe benefits including a retirement program at age 65 and other benefits. They claim the retirement commitment was made without reservation and Touro never said that participation in those benefits could be withdrawn and terminated at Touro's discretion.
A person/business is free to dismiss a worker without assigning any reason. The worker is free to leave without reason or cause. La.C.C. Art. 2747. A person can hire out his services for only a specified time or for the performance of certain work or enterprise. La.C.C. Art. 2746. Those are the two types of contracts for hirethe limited duration contract and the contract for services terminable at the will of either party. Under a limited duration contract the parties have clearly agreed to be bound for a certain period of time during which the employee is not free to depart without assigning cause and the employer is not free to dismiss the employee without giving a reason. Terrebonne v. Louisiana Association of Educators, 444 *1009 So.2d 206 (La.App. 1st Cir.1983), writ denied 445 So.2d 1232 (La.1984).
When an employee's job is for an indefinite term, the employment is terminable at the will of either the employer or employee and an employer is at liberty to dismiss an employee at any time for any reason without incurring liability for the discharge. Williams v. Delta Haven Inc., 416 So.2d 637 (La.App. 2d Cir.1982); Ballaron v. Equitable Shipyards, Inc., 521 So.2d 481 (La.App. 4th Cir.1988), writ denied 522 So.2d 571 (La.1988); Gil v. Metal Service Corporation, 412 So.2d 706 (La. App. 4th Cir.1982), writ denied 414 So.2d 379 (La.1982).
We disagree that plaintiffs' participation in Touro's retirement program established a fixed term of employment. Plaintiffs' entitlement to retirement benefits was not a contract for a specific term. There is no allegation of a contract of employment, written or oral, which sets a definite time period.
Plaintiffs were at-will employees and as such could be terminated at any time regardless of the employer's retirement program.
Plaintiffs make no argument about their claim relating to the polygraph examination and we consider that issue abandoned.

SLANDER
The essential elements of a defamation action (whether libel or slander) are: defamatory words; publication or communication to some person other than the one defamed; falsity; malice, actual or implied; and resulting injury. Brannan v. Wyeth Laboratories, Inc., 526 So.2d 1101 (La.1988); Corcoran v. New Orleans Firefighter's Association Local 632, 379 So.2d 829 (La.App. 4th Cir.1980).
Touro argues that plaintiffs did not allege its defamatory comments were made with malice and therefore they have failed to state a cause of action. However, words which impute a crime to another are defamatory per se. Cangelosi v. Schwegmann Giant Supermarkets, 390 So.2d 196 (La. 1980); Elmer v. Coplin, 485 So.2d 171 (La. App. 2d Cir.1986), writ denied 489 So.2d 246 (La.1986). Proof of malice is not required. Rennier v. State Through Department of Public Safety, 428 So.2d 1261 (La.App. 3rd Cir.1983).
We are satisfied that Touro's statement that their termination was because of "mis-appropriation [sic] of property belonging to another" imputes a crime. Touro's answer conceded that was the reason given to the State Department of Employment Security. Such a communication (although confidential) to a person other than the one defamed is sufficient publication. Farria v. LaBonne Terrebonne of Houma, 476 So.2d 474 (La.App. 1st Cir.1985). Plaintiffs were paid unemployment compensation benefits after administrative appeal because "there had been no showing that they were guilty of any such charge" (according to the amended petition). Plaintiffs' original petition claimed that Touro discharged them in order to terminate substantial benefits that had accrued to their benefit and that they suffered mental anguish and damage to their reputation.
Considering all of the pleadings we must find that plaintiffs stated a cause of action in slander and the trial court erred by maintaining Touro's exception. See Farria, 476 So.2d at 474. Our decision does not concern the merits of the allegation.
Touro alternatively argues that if the petition states a cause of action for slander, such an action would be dismissed on the basis of qualified privilege. Touro first argued that defense in its answer to the supplemental petition. Touro could not raise that defense on an exception of no cause of action because the only affirmative defenses that may be so asserted are those which are disclosed by the petition itself, e.g., absolute privilege. Goldstein v. Serio, 496 So.2d 412 (La.App. 4th Cir.1986), writs denied 501 So.2d 208, 209 (La.1987). See also Haskins v. Clary, 346 So.2d 193 (La.1977).
Touro could raise qualified privilege in a motion for summary judgment (although its memoranda do not mention the defense). An employer cannot utilize *1010 the privilege to obtain automatic immunity to a defamation suit although the employer should not be unreasonably restricted when furnishing information. Farria, 476 So.2d at 474. See also White v. Baker Manor Nursing Home, Inc., 400 So.2d 1168 (La. App. 1st Cir.1981), writ denied 403 So.2d 68 (La.1981). Because Touro filed a motion for summary judgment which was not acted on by the trial court, this Court could grant such a judgment.
Summary judgment is a drastic remedy and should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966; Roger v. Dufrene, 553 So.2d 1106 (La.App. 4th Cir. 1989), writ denied 559 So.2d 1358 (La. 1990). A party moving for summary judgment must affirmatively and clearly prove the absence of a genuine issue of material fact and any doubt must be resolved against summary judgment and in favor of a trial on the merits. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981); Roberts v. Louisiana Coca-Cola Bottling Company, 566 So.2d 163 (La.App. 4th Cir. 1990), writ denied 571 So.2d 647 (La.1990).
Under a qualified privilege defense certain statements which might otherwise be deemed defamatory are protected because the circumstances of the communication show an underlying public policy incentive for protection. In effect, assertion of a qualified privilege amounts to rebuttal of the allegation of malice. The public's interest and social necessity mandate that an employer not be unreasonably restricted when required to provide information for a state agency to determine in a quasi-judicial proceeding whether a terminated employee should receive unemployment benefits. The employer must be free to make a complete and unrestricted communication without fear of liability in a defamation suit even if the communication is shown to be inaccurate, subject to the requisites that the communication is in good faith, is relevant to the subject matter of the inquiry and is made to a person (or agency) with a corresponding legitimate interest in the subject matter. Boyd v. Community Center Credit Corporation, 359 So.2d 1048 (La.App. 4th Cir.1978). "This means that the person making the statement must have reasonable grounds for believing that it is true and he must honestly believe that it is a correct statement." Harrison v. Uniroyal, Inc., 366 So.2d 983, 986 (La.App. 1st Cir.1978), quoting Cormier v. Blake, 198 So.2d 139, 144 (La.App. 3rd Cir.1967).
Plaintiffs allege that the only reason Touro discharged them was to terminate substantial benefits which had accrued and that the misappropriation charge was fabricated in order to support their termination. The recorda summary judgment motion, two memos (original and supplemental), and one affidavit which declared that plaintiffs were at-will employeesis insufficient for us to rule on the summary judgment motion. Unlike the mover in White, 400 So.2d at 1168, Touro submitted no deposition or affidavit to support its motion for summary judgment to show that its personnel acted in good faith and it was entitled to a qualified privilege.
We conclude there exists a genuine issue of material fact(s) as to whether Touro had reasonable grounds for believing that plaintiffs had misappropriated the linen and whether Touro personnel honestly stated that was the reason for termination.
The Code of Civil Procedure does not provide for a partial exception of no cause of action. Schroeder v. Board of Supervisors of Louisiana State University, 540 So.2d 380 (La.App. 1st Cir.1989). See also Rodriguez v. American Bankers Insurance Company of Florida, 386 So.2d 652 (La.1980); Yasar v. Cohen, 483 So.2d 1099 (La.App. 4th Cir.1986).
We therefore reverse the judgment maintaining Touro's exception and grant a partial summary judgment as to the wrongful discharge claim. Summary judgment is denied and the matter is remanded for further proceedings on the slander claim.
Touro's request for attorney's fees and costs for a frivolous appeal is denied.
*1011 REVERSED; PARTIAL SUMMARY JUDGMENT GRANTED; REMANDED IN PART.