HIGHTOWER, Judge,
dissenting.
I must respectfully dissent.
When the petition states a cause of action as to any ground or portion of the demand, the exception must be overruled. Pitre, supra; Rodriguez, supra; Hero Lands Co., supra; Harrington v. Southwestern Elec. Power, 567 So.2d 731, n. 2 (La.App.2d Cir.1990); Thomas v. Evergreen Presbyterian Ministries, Inc., 535 So.2d 1046 (La.App.2d Cir.1988); Williams v. Touro Infirmary, 578 So.2d 1006 (La. App. 4th Cir.1991); Jarrell v. Carter, 577 So.2d 120 (La.App. 1st Cir.1991), writ denied, 582 So.2d 1311 (La.1991); Franks v. Duvall, 576 So.2d 1194 (La.App. 5th Cir. 1991); Reppond v. City of Denham Springs, 572 So.2d 224 (La.App. 1st Cir. 1990); Pines v. Dr. Carlos D. Moreno, Inc., 569 So.2d 203 (La.App. 1st Cir.1990). See also Ciecierski v. Avondale Shipyards, Inc., 574 So.2d 1256 (La.1991) (Lemmon, J., concurring). Cf. Darville, supra; Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La.1982); Haskins, supra; Roberson v. Bossier Parish Police Jury, 535 So.2d 1199 (La.App.2d Cir.1988), all similarly indicating that the exception must be overruled unless the plaintiff has no cause of action under any evidence admissible on the pleadings.
As aptly explained in Rodriguez, supra, and as recognized by the majority opinion, the purpose of this rule is to avoid multiple appeals and to prevent piecemeal litigation. To attain those ends, the preferable procedure is for the trial court to overrule the exception and, when hearing the merits, to exclude evidence believed inadmissible. Then, by means of a proffer, all issues can be presented at one time in any subsequent appeal.
In the case sub judice, the trial court partially sustained the exception of no cause of action. That ruling constituted a final judgment. Yet, at the same time, the district judge correctly found plaintiff had adequately stated a cause of action for defamation. For a discussion of the essential elements of such a claim, see Bran-nan, supra; Cangelosi v. Schwegmann Brothers Giant Supermarkets, 390 So.2d 196 (La.1980); Elmer v. Coplin, 485 So.2d 171 (La.App.2d Cir.1986), writ denied, 489 So.2d 246 (La.1986); Williams, supra; Martinez v. Soignier, 570 So.2d 23 (La. App. 3d Cir.1990), writ denied, 572 So.2d 94 (La.1991); Newton v. State, Through DHHR, 536 So.2d 565 (La.App. 1st Cir. 1988), writ denied, 541 So.2d 901 (La.1989). In my opinion, faced with a sufficiently *465 stated cause of action as to a portion of the demand, the trial court erred in sustaining the exception.
The majority’s approach greatly depends upon successfully determining what constitutes a “separate and distinct cause of action,” a concept that has historically proven difficult to delineate. Indeed, our recently adopted res judicata statute, in some measure, seeks to avoid just such a definitional problem. See LSA-R.S. 13:4231 and Comments. Compare also Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983); Safeco Ins. Co. of America v. Palermo, 436 So.2d 536 (La.1983); Mitchell v. Bertolla, 340 So.2d 287 (La.1976). Of course, LSA-C.C.P. Art. 966 expressly provides for partial summary judgment, which conceivably would have been appropriate under the circumstances of the present litigation.
Finally, I too am mindful of the recent decision by this court in Milstead, supra. The resolution in that matter, however, did not turn upon the partial exception of no cause of action. Instead, the basic issue concerned whether the Public Service Commission, rather than the district court, had jurisdiction to hear claims for electricity overcharges. Otherwise, in my view, the holding clearly stands for a proposition contrary to Rodriguez, supra.
Accordingly, I would reverse the partial dismissal of plaintiffs petition and remand the case for further proceedings not inconsistent with that reversal.