685 So.2d 665 (1996)
Wanda HEFLIN and Don Heflin, PlaintiffsAppellants,
v.
SABINE ASSOCIATION OF RETARDED CITIZENS, DefendantAppellee.
No. 96-782.
Court of Appeal of Louisiana, Third Circuit.
December 26, 1996.
*666 William Daniel Dyess, for Wanda F. Heflin and Don Heflin.
Ronald Everett Raney, Shreveport, for Sabine Ass'n for Retarded Citizens.
Before THIBODEAUX, SAUNDERS and DECUIR, JJ.
THIBODEAUX, Judge.
Wanda Heflin filed a wrongful termination and defamation suit against the Sabine Association for Retarded Citizens (SARC) to recover damages for wrongful termination and defamation. The trial court granted SARC's motion for involuntary dismissal, finding that Ms. Heflin did not show that she had a right to relief based on the law and evidence. Ms. Heflin appeals this judgment, asserting that the trial court only considered the issue of wrongful termination and did not evaluate her defamation claim.
We affirm for the following reasons.

I.

ISSUE
The issue presented on appeal is whether the trial court erred in its dismissal of this action based on its finding that the plaintiff did not show a right to relief in defamation.

II.

FACTS
Wanda Heflin was employed as a secretary/bookkeeper by SARC from August 17, 1992 until May of 1994. On May 31, 1994, she was discharged from her employment. Her termination was due to theft of or misuse of company funds.
In March of 1994, Ms. Heflin filled out an application for cancer insurance. The insurance company's representative informed Ms. Heflin that she could cancel the policy if she decided she no longer wanted the policy. Once SARC employees accepted this cancer policy, then SARC would pay the first premium.
Ms. Heflin and her husband had recently canceled a number of insurance policies because they could not afford the premiums. After Ms. Heflin discussed this particular cancer insurance policy with her husband, they decided to cancel it also because the premiums were too expensive. Ms. Heflin canceled the policy the next day.
In April of 1994, the cancer insurance company mailed a refund check in the amount of $35.45 payable to Ms. Heflin to her home address. Thinking that the check was one of the many refund checks she had been receiving from other canceled insurance policies, Ms. Heflin cashed the check while she was conducting banking transactions for SARC. Jewel Strickland, Ms. Heflin's supervisor at the time, saw the cancer policy's refund check made payable to Ms. Heflin inside the bag used for SARC's banking needs.
Ms. Strickland informed Ms. Sandra Brupbacher, executive director of SARC, of the whereabouts of the check. Ms. Brupbacher advised Ms. Heflin that the cancer insurance company mistakenly sent refund checks to the policyholders instead of to SARC. Ms. Heflin stated that she would check and see if she received such a check and would write a personal check to SARC if she did receive and cash the refund check.
A week later, a conference was held between Ms. Heflin, Ms. Strickland, Ms. Brupbacher, and SARC's operations manager. Ms. Heflin was informed by her superiors that they had reason to believe that she misapplied company funds. She was then given an opportunity to respond. Consequently, she was discharged from her employment.

III.

LAW AND DISCUSSION
Ms. Heflin does not refer to the trial court's ruling on wrongful termination in her *667 brief. It is, therefore, considered abandoned. Rule 2-12.4 of the Uniform Rules Courts of Appeal. Since Ms. Heflin did not include wrongful termination as an assignment of error, this court will consider only the issue of defamation.
When an action is tried without a jury, any party may move for a dismissal of the action, without waiving the right to offer evidence if the motion is denied, on the ground that the plaintiff has shown no right to relief based on the facts and law. La. Code Civ.P. art. 1672(B). The trial court must consider and weigh all evidence presented and grant a dismissal if it concludes that a plaintiff failed to prove by a preponderance of the evidence that he or she is entitled to relief. Shafer v. State, Dept. of Transp. and Dev., 590 So.2d 639 (La.App. 3 Cir.1991). The propriety of the trial court's grant of a motion for involuntary dismissal is subject to the manifest error standard of review. Hebert v. Southwest Louisiana Electric Membership Corp., 95-405 (La.App. 3 Cir. 12/27/95), 667 So.2d 1148. Under the manifest error standard of review, an appellate court cannot reverse a trial court's determinations unless a reasonable factual basis for the finding does not exist and the record establishes that the finding is clearly wrong. Stobart v. State Dept. of Transp. & Dev., 617 So.2d 880 (La.1993).
Ms. Heflin asserts that SARC defamed her by accusing her of theft or misappropriation of funds. To maintain an action in defamation, Ms. Heflin must show the following elements: (1) defamatory words; (2) publication; (3) falsity; (4) actual or implied malice; and (5) resulting injury. Gugliuzza v. K.C.M.C., Inc., 606 So.2d 790 (La. 1992). Words which impute a crime are defamatory per se and proof of malice is not required. Thomas v. Busby, 95-1147 (La. App. 3 Cir. 3/6/96), 670 So.2d 603.
The trial court's findings were reasonable and were clearly not erroneous in this case. Since theft is a crime, the words spoken by Ms. Brupbacher may be considered to be defamatory per se. While Ms. Heflin may plausibly argue that the words spoken of her were false, there is no credible argument establishing that the accusatory words were ever published.
A petition which does not allege publication fails to state a cause of action in defamation. Crooms v. Lafayette Parish Govt., 628 So.2d 1224 (La.App. 3 Cir.1993). Publication is defined as a communication to a person other than the one alleging the action. Thomas, 670 So.2d 603. An employer's communication regarding a subject in which it has an interest or a duty is not considered published when made in good faith. Farria v. La Bonne Terrebonne of Houma, 476 So.2d 474 (La.App. 1 Cir. 1985). This privilege exists even if third persons become aware of an employer's investigation and subsequent discharge of an employee. Thibodeaux v. Southwest Louisiana Hospital Ass'n, 488 So.2d 743 (La.App. 3 Cir.1986).
The words accusing Ms. Heflin of willfully cashing an insurance refund check used in the letter written by Ms. Brupbacher to the Louisiana Department of Labor concerning Ms. Heflin's unemployment benefits are not considered to be "published" since she was simply acting as an employer who wanted to contest Ms. Heflin's grant of unemployment benefits. The only individuals who were present in the conference in which Ms. Heflin was informed that she misappropriated funds were supervisory personnel who were involved in the investigation of the allegations made against Ms. Heflin. Finally, the Sabine Index newspaper article regarding Ms. Heflin's appeal to SARC's board of directors also does not constitute publication in reference to SARC because the article does not constitute a communication made by SARC to third parties. The article exhibits Ms. Heflin's statements to SARC's board of directors. Without publication of Ms. Brupbacher's alleged defamatory words, a cause of action in defamation does not exist.
Ms. Heflin invites us to follow the reasoning in Melancon v. Hyatt Corp., 589 So.2d 1186 (La.App. 4 Cir.1991). However, the facts in this case are different from those in Melancon. In Melancon, the plaintiff-employee was terminated because he unlawfully acquired towels from the hotel which was his place of employment. His termination and reasons for termination were discussed *668 among the nonsupervisory employees of the Hyatt by word of mouth. These employees no longer spoke to him once they discovered his actions. In this case, Ms. Heflin is the only person who has communicated these actions to any third party. Statements made by her do not constitute publication for purposes of defamation.

IV.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.