MARION F. EDWARDS, Chief Judge.
12Plaintiff/appellant, Ann Nolan (“Nolan”), appeals a summary judgment in favor of defendant/appellee, East Jefferson General Hospital (“East Jefferson”), dis *1180 missing her case -with prejudice. The underlying facts are contained in a prior opinion of this Court[1] and will not be extensively repeated here.
The action began in June 1999, when Nolan filed a Petition for Reinstatement and Damages in the Twenty-Ninth Judicial District Court, which matter was eventually transferred to the Twenty-Fourth Judicial District Court. Amongst the various enumerated causes of action was one of defamation. Nolan urged that East Jefferson made defamatory statements about her in the form of written reprimands or criticisms that were placed in her employment file. Nolan urged that a certain written reprimand, dated October 16, 1997, was false and defamatory, and was published to third parties, including the Administrative Law Judge (“ALJ”) during her subsequent application for unemployment following her termination from East Jefferson. According to Nolan, the acts complained of were |sin retaliation for her “whistleblowing” activities, and these acts were ratified by the hospital.
On the first appeal to this Court, we determined the only claim that had not prescribed was for allegedly defamatory statements. We further determined that, because the Exception had been filed only by East Jefferson, the trial court erred in dismissing the entire suit as to all parties. The case was remanded for further proceedings with respect to the defamation claims.
In 2008, East Jefferson, Cheryl Kelley and Janice Kishner (co-employees) filed an Answer and Incorporated Exceptions of Prescription and No Cause of Action. Per a Consent Judgment, the court determined that there was no opposition to the exceptions, and that all claims against Kishner and Kelley had prescribed. Nolan was given leave of court to amend her petition to state a cause of action for defamation “by pleading finality of the unemployment proceeding occurring in 1998.” In her second amending petition, Nolan added that the unemployment proceedings became final on March 13, 1998 when the Louisiana Board of Review heard the case and decided that Nolan did not deliberately violate company policy.
East Jefferson filed a Motion for Summary Judgment, stating that the sole remaining claim was the alleged defamation based on information sent to the ALJ who heard Nolan’s appeal for unemployment benefits. East Jefferson also asserted that the statements made to the ALJ were true, that the ALJ has qualified privilege, and that no other publication had been made. Nolan argued that the qualified privilege did not apply because the statements made to the ALJ were not made in good faith. Nolan alleged that the information was not investigated, and the statements were made with malice in retaliation of her complaint regarding the pharmacy discrepancies.
|4The court granted summary judgment, finding the disclosure was not public, but was made to the ALJ who had qualified privilege. Nolan appeals, urging the trial court erred in finding that the information given to the ALJ was not published to other persons, namely, to her mother who was present at the hearing. Nolan further asserts that the allegations made by East Jefferson were never proven. Although *1181 she admits to copying hospital records, she maintains that it was not established that she did so with the purpose of violating hospital policy rather than at the request of an East Jefferson physician, Dr. Clem Eiswirth, after she reported the problem with the pharmacy as discussed in our original opinion. Finally, Nolan again claims bad faith on the part of the hospital.
Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). A court must grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966(B). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of civil actions (with the exception of certain domestic matters) and is now favored in our law. LSA-C.C.P. art. 966(A)(2). Of particular relevance to the instant case is LSA-C.C.P. art. 966(C)(2), which states:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.[2]
With regard to summary judgment on defamation actions, the Louisiana Supreme Court has stated:
IííAs a preliminary matter, we note that-because of the chilling effect on the exercise of free speech, defamation actions have been found particularly susceptible to summary judgment. Summary adjudication, we have recognized, is a useful procedural tool and an effective screening device for avoiding the unnecessary harassment of defendants by unmeritorious actions which threaten the free exercise of rights of speech and press.... [3]
In order to prevail on her claim against East Jefferson in the- present case, Nolan bears the burden of affirmatively proving (1) a false and defamatory statement; (2) an unprivileged publication to a third party; (3) negligence on the part of East Jefferson; and (4) resulting injury. If even one of these required elements is found lacking, the cause of action fails.[4] The Kennedy court determined that negligence in terms of defamatory statements is that set forth in the Restatement (Second) of Torts § 580B, which states:
*1182 One who publishes a false and defamatory communication concerning a private person, or concerning a public official or public figure in relation to a purely private matter not affecting his conduct, fitness or role in his public capacity, is subject to liability, if, but only if, he
(a) knows that the statement is false and that it defames the other,
(b) acts in reckless disregard of these matters, or
(c) acts negligently in failing to ascertain them.[5]
In Louisiana, privilege is a defense to a defamation action.[6] The elements of the conditional privilege have been described as “good faith, an interest to be upheld and a statement limited in scope to this purpose, a proper occasion, and publication in the proper manner and to proper parties only.”[7]
The Kennedy case discussed the concept of qualified privilege. The analysis for determining whether a conditional privilege exists involves a two-step process. First, it must be determined whether the attending circumstances of a communication occasion a qualified privilege.[8] The second step of the analysis is a | ^determination of whether the privilege was abused, which requires that the grounds for abuse-malice or lack of good faith be examined. “While the first step is generally determined by the court as a matter of law, the second step of determining abuse of a conditional privilege or malice is generally a fact question for the jury ‘[ujnless only one conclusion can be drawn from the evidence.’ ”[9]
The defense of qualified privilege has been found to be applicable in communications made in unemployment compensation proceedings.[10] The public’s interest and social necessity mandate that an employer not be unreasonably restricted when required to provide information for a state agency to determine in a quasi-judicial proceeding whether a terminated employee should receive unemployment benefits. The employer must be free to make a complete and unrestricted communication without fear of liability in a defamation suit even if the communication is shown to be inaccurate, subject to the requisites that the communication is in good faith, is relevant to the subject matter of the inquiry and is made to a person (or agency) with a corresponding legitimate interest in the subject matter.[11]
To establish reckless disregard of the truth, a plaintiff must prove that the publication was deliberately falsified, published despite the defendant’s awareness of probable falsity, or the defendant in fact entertained serious doubts as to the truth of his publication.[12]
*1183 In addition to privilege, proof of the truth of a defamatory remark is a valid defense in a civil suit for defamation.[13] In the present matter, the transcript of the | .¡proceedings before the Appeals Board of the Employment Security Office was submitted. Nolan, her mother (as an observer), and Linda Bollhalter, as the employer representative, were present. With regard to the presence of Nolan’s mother, under the circumstances, we assume her presence was purely voluntary and not necessary to the proceedings. The central issue for Nolan’s discharge centered on the copying and dissemination of patient records. During the proceedings, Nolan admitted to having copied the records, although she continued to insist that she did so at the direction of Dr. Eiswirth, following her complaints to him about taking verbal orders from pharmacists. Nolan further admitted that she showed the records to the personnel director after having received a written warning regarding patient confidentiality.
It, thus, appears from the record that the remarks complained of were both true and privileged. Nolan has made no showing of bad faith, negligence, or reckless disregard for the truth, and she has failed to submit evidence sufficient to show that she will be able to meet her burden of proof at trial. Neither the fact that Nolan chose to bring her mother to the proceedings, nor the fact that the Board of Review ultimately determined her violation of policy was not “deliberate” for purposes of unemployment benefits, affects the ultimate finding that there was no defamation under the law. Because she cannot produce factual support for an essential element of her cause of action-proof of an unprivileged defamatory communication to a third party-summary judgment was properly granted by the district court.

AFFIRMED.

. Nolan v. Jefferson Parish Hosp. Serv. Dist. No. 2, 01-175 (La.App. 5 Cir. 6/27/01), 790 So.2d 725.

. Kennedy v. Sheriff of E. Baton Rouge, 05-1418 (La.7/10/06), 935 So.2d 669, 686-87.

. Kennedy, supra, at 686 (citing Mashburn v. Collin, 355 So.2d 879, 890-91 (La. 1977)).

. See, Kennedy, supra (citing Costello v. Hardy, 03-1146 (La. 1/21/04), 864 So.2d 129, 141).

. Restatement (Second) of Torts § 580B (1977).

. Kennedy, supra; Costello, supra.

. Kennedy, supra (citing Madison v. Bolton, 234 La. 997, 102 So.2d 433, 439 n. 7 (1958)).

. Kennedy, supra (citing Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730).

. Id.

. See, e.g., Boyd v. Cmty. Ctr. Credit Corp., 359 So.2d 1048, 1050 (La.App. 4 Cir.1978); Kelly v. W. Cash & Carry Bldg. Materials Store, 99-0102 (La.App. 4 Cir. 10/20/99), 745 So.2d 743.

. Williams v. Touro Infirmary, 578 So.2d 1006, 1010 (La.App. 4 Cir.1991).

. Jalou II, Inc. v. Liner, 10-0048 (La.App. 1 Cir. 6/16/10), 43 So.3d 1023, 1037 (citing Kennedy, supra).

. La. R.S. 13:3602; Huxen v. Villasenor, 01-288 (La.App. 5 Cir. 9/25/01), 798 So.2d 209, 212 (citing Brannan v. Wyeth Laboratories, Inc., 526 So.2d 1101, 1105 (La.1988)).