CHEHARDY, C.J.
hln this writ application, relator, ASI Federal Credit Union (hereinafter “ASI”), seeks review of the denial of its motion for summary judgment with respect to Lorrie Fisher’s defamation claim against ASI. For the following reasons,' we grant defendant’s writ application, vacate- that ruling, grant summary judgment in favor of ASI, and dismiss this matter.
Facts and Procedural History
In her petition filed on October 9, 2013, Lorrie Fisher sued ASI for defamation for written statements that ASI made to the Louisiana Workforce Commission when Fisher-sought unemployment benefits after her termination from ASI. Specifically, *781 ASI’s notice of termination stated its reasons for Ms. Fisher’s termination as: “poor work performance; refuses to take responsibility for actions; not receptive to feedback to improve; did not show any improvement in past two evaluations.”
On December 30, 2016, ASI moved for summary judgment “based on the truth of the statements challenged by plaintiff, the conditional or qualified privilege that attached to those statements, and the lack of any cognizable damages allegedly caused by those statements.” To its motion for summary judgment, ASI attached copies of Ms. Fisher’s performance reviews and deposition excerpts from Ms. Fisher’s supervisors stating that the statement in its notice of termination was accurate regarding Ms. Fisher’s job performance. Further, ASI attached deposition excerpts in which Ms. Fisher acknowledged that she is currently employed and that she does not know of any specific job that declined to hire her because of her termination from ASI.
On April 24, 2017, the trial judge heard argument on ASI’s motion for summary judgment. On April 28, 2017, the trial judge denied summary judgment, noting in his written reasons for judgment:'
|2In this casé, the Court 'finds that there presents [sic] genuine issues of material facts pursuant' to La. C.C.P. art. 966(A). Considering the reasons presented by both counsel, there has not been enough evidence presented to determine whether the statements made by the defendant to the Louisiana Work Commission were intentionally defamatory in nature. In addition, it is unclear whether or not the publication made , to the Louisiana Work Commission was privileged. Lastly, the Court is unable to make a determination whether the plaintiff actually suffered damages. For these reasons, the Court is under the impression that there still remains genuine issues of material fact, and that the suit should proceed to trial to resolve this matter.
On June 2,2017, ASI filed its timely writ application seeking review of that ruling. In order to properly consider this writ application in accordance with La. C.C.P. art. 966(H),[1] this Court docketed the writ application for argument pursuant to U.R.C.A, Rule 4-7. This opinion follows.
Law and Argument

Standard of Review

Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Breaux v. Fresh Start Properties, L.L.C., 11-262 (La. App. 5 Cir. 11/29/11), 78 So.3d 849, 852, The version of La. C.C.P. art. 966[2] in effect at the time of the summary judgment hearing in this case provides, “a motion for summary judgment shall be granted if the mótion, memorandum, and supporting documents show that there is no genuine issue as to material'fact and that the mover is entitled to judgment as a *782 matter of law.” La. C.C.P. art. 966(A)(3). Further, La. C.C.P. art. 966(A)(4) reads, “The only documents that may be filed in |,.¡support of or in opposition to the motion are pleadings; memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions.”
The burden is on the party seeking summary judgment to establish that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. However, if the movant will not bear the burden of proof at trial, the movant need only point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(D)(1). Once the movant proves that there is an absence of factual support for one or more elements essential to the adverse party’s claim, the burden shifts to the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Id.
Here, ASI, who was the movant, had the burden to prove an absence of factual support for one or more elements essential to Ms. Fisher’s claim. La. C.C.P. art. 966(D)(1). Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. Hines v. Garrett, 04-806 (La. 6/25/04), 876 So.2d 764, 765 (per curiam). Whether a particular fact is material can be seen only in light of the substantive law applicable to the case. Kline v. Farm Bureau Ins. Companies, 06-129 (La. App. 5 Cir. 9/26/06), 942 So.2d 1080, 1083, writ denied, 06-2575 (La. 12/15/06), 945 So.2d 697. The decision as to the propriety of the ruling on a motion for summary judgment must be made with reference to the substantive law applicable to the case. Muller v. Carrier Corp., 07-770 (La. App. 5 Cir. 4/15/08), 984 So.2d 883, 885.

Substantive Law

LHere, Ms. Fisher’s petition alleges that employees of ASI provided “libelous comments,” which caused her damage, to the Louisiana Workforce Commission; specifically, ASI reported that Ms. Fisher was terminated for “poor work performance; refuses to take responsibility for actions; not receptive to feedback to improve; did not show any improvement in past two evaluations.”
In Louisiana, “[flour elements are necessary to establish a defamation cause of action: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury.” Costello v. Hardy, 03-1146 (La. 1/21/04), 864 So.2d 129, 139. The fault requirement is generally referred to in the jurisprudence as malice, actual or implied. Id. By definition, a statement is defamatory if it tends to harm the reputation of another so as to lower the person in the estimation of the community, deter others from associating or dealing with the person, or otherwise expose the person to contempt or ridicule. Id. at 140.
We note that, the Louisiana Supreme Court has held:
because of the chilling effect on the exercise of free speech, defamation actions have been found particularly susceptible to summary judgment. Summary adjudication ... is a useful procedural tool and an effective screening device for avoiding the unnecessary harassment of defendants by unmeritorious actions which threaten the free exercise of rights of speech and press.
*783 Kennedy v. Sheriff of E. Baton Rouge, 05-1418 (La. 7/10/06), 935 So.2d 669, 686 (citations omitted).
In its motion for summary judgment, ASI pointed out an absence of factual support for two elements of Ms. Fisher’s claim: the statements were true and subject to qualified privileged. We will discuss both issues.
First, in a suit for defamation, proof of the truth of a defamatory remark is a valid defense. La. R.S. 13:3602; Nolan v. Jefferson Par. Hosp. Serv. Dist. No. 2, 11-291 (La. App. 5 Cir. 3/13/12), 90 So.3d 1178, 1183. Here, ASI produced Uexcerpts of depositions and supporting documentation from its employees who supervised Ms. Fisher verifying that Ms. Fisher’s job performance was inadequate and had not improved after several performance evaluations. Ms. Fisher admitted in her deposition that, on both of her performance evaluations while she was employed at ASI, she received the same evaluation score, which was two out of four. Thus, the burden shifted to Ms. Fisher to produce factual support sufficient to show that she will be able to meet her evidentiary burden of proof at trial that the statement by ASI was false.
To do this, Ms. Fisher argues that, in specific areas of her second evaluation, she received higher scores than in her first evaluation, which denotes an improvement, even though her overall score remained “2.” ASI points out, however, that the evaluations scores are weighted so improvement in one small category does not necessarily translate to an overall higher score.
Upon de novo review, we find this allegation is not sufficient to meet Ms. Fisher’s burden of proof that a genuine issue of material fact exists. The evidence fails to demonstrate that Ms. Fisher could carry her burden of proof at trial that ASI’s statement to the Louisiana Workforce Commission was false.
Turning to the next issue, privilege is a defense to a defamation action. Nolan, 90 So.3d at 1182. The elements of the conditional privilege have been described as “good faith, an interest to be upheld and a statement limited in scope to this purpose, a proper occasion, and publication in the proper manner and to proper parties only.” Id. The analysis for determining whether a conditional privilege exists involves a two-step process. First, it must be determined whether the attending circumstances of a communication occasion a qualified privilege. The second step of the analysis is a determination of whether the privilege was abused, which requires that the grounds for abuse-malice or lack of good faith be examined. Id. “While the first step is generally determined by the court as a | (¡matter of law, the second step of determining abuse of a conditional privilege or malice is generally a fact question for the jury ‘[u]nless only one conclusion can be drawn from the evidence.’ ” Id.
With respect to whether this communication was a qualified privilege, this Court in Nolan, supra, which is factually similar to this case, stated,
The defense of qualified privilege has been found to be applicable in communications made in unemployment compensation proceedings. The public’s interest and social necessity mandate that an employer not be unreasonably restricted when required to provide information for a state agency to determine in a quasi-judicial proceeding whether a terminated employee should receive unemployment benefits. The employer must be free to make a complete and unrestricted communication without fear of liability in a defamation suit even if the communication is shown to be inaccurate, subject to the requisites that the *784 communication is in good faith, is relevant to the subject matter of the inquiry and is made to a person (or agency) with a corresponding legitimate interest in the subject matter.
Nolan, 90 So.3d at 1182.
Thus, it is clear that the statement by ASI to the Louisiana Workforce Commission[3] regarding Ms. Fisher’s unemployment benefits was a.statement to a state agency with, a legitimate interest in the subject matter and relevant to the subject matter of the Commission’s inquiry. This statement is subject to qualified privilege.
Next, we must determine whether -ASI abused its qualified privilege, which requires Ms. Fisher to set forth evidence that ASI had -“knowledge or reckless disregard as to [the] falsity” of its statement. Kennedy, supra, 935 So.2d at 684. As we' have shown infra, the record before us - is devoid of evidence that the statement in question was false; thus, we find no abuse of ASI’s qualified privilege.
|7Aftér de novo review, we find this allegation is not sufficient to' meet Ms. Fisher’s burden of proof that a genuine issue of material fact exists. The evidence fails to demonstrate that Ms. Fisher.could carry her burden of proof at trial that ASI’s statement to the Louisiana Workforce Commission was an abuse of its qualified privilege.
Decree
In conclusion, after our de novo review, We find that ÁSI pointed out an absence of factual support for two elements of the cause of action for defamation, and Ms. Fisher failed to demonstrate, through competent evidence, that she could carry her burden of proof at trial. Accordingly, we grant this writ application, vacate the trial court’s denial of summary judgment, grant summary judgment in favor of ASI Federal Credit Union, and dismiss Ms. Fisher’s claim with prejudice....
WRIT GRANTED; JUDGMENT VACATED; SUMMARY JUDGMENT GRANTED; DISMISSED

. Pursuant to Acts 2015, No. 422, § 1, effective January 1, 2016, La. C.C.P. art, 966 was extensively revised. In that revision, La, C.C.P. art. 966(H), which reads as follows, was added: “On review, an appellate court shall not reverse a trial court’s denial of a motion for summary judgment and grant a summary judgment dismissing a case or a party without assigning the case for briefing and permitting the parties an opportunity to request oral argument.”

. As noted infra, pursuant to Acts 2015, No. 422, § 1, effective January 1, 2016, La. C.C.P. art. 966 was extensively revised.

. "Louisiana Workforce Commission shall be composed of .,, the office of unemployment insurance administration, and such other offices as shall be created by law.” La. R.S. 36:301.